**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NICOLAS P. JUSZCZYK,

      Defendant-Appellant.

No. 15-3323

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 2:13-CR-20120-CM-1)**

_____

Submitted on the briefs.[*]

Melody Brannon, Federal Public Defender, Thomas W. Bartee, Assistant Federal Public Defender, and Daniel T. Hansmeier, Appellate Chief, Kansas Federal Public Defender, Kansas City, Kansas, for Defendant-Appellant.

Thomas E. Beall, Acting United States Attorney, Jared S. Maag, Assistant United States Attorney, District of Kansas, Topeka, Kansas, for Plaintiff-Appellee.

_____

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **LUCERO, McKAY,** and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

The Fourth Amendment does not prohibit a search of property that has been "abandoned." *United States v. Ruiz*, 664 F.3d 833, 841 (10th Cir. 2012). The property at issue here is a backpack owned by Mr. Nicolas Juszczyk, who was repairing his motorcycle in the backyard of Ms. Tina Giger. A concerned neighbor contacted police, who came to investigate. When they did, Mr. Juszczyk threw the backpack onto Ms. Giger's roof, where the backpack was later retrieved by police and searched. Inside was methamphetamine, a firearm, and documents bearing Mr. Juszczyk's name. We must determine: Did Mr. Juszczyk lack an objectively reasonable expectation of privacy after throwing his backpack onto Ms. Giger's roof? We conclude that any expectation of privacy was not objectively reasonable; as a result, Mr. Juszczyk abandoned the backpack and the search was lawful.

## 1.    Standard of Review

Mr. Juszczyk moved to suppress evidence found during the search, but the district court denied the motion. We review this ruling de novo. *See United States v. Garzon*, 119 F.3d 1446, 1449 (10th Cir. 1997)

(stating that we engage in de novo review of the district court's determination on the objective element of abandonment).

In applying de novo review, we view the evidence in the light most favorable to the ruling and review the district court's factual findings under the clear-error standard. *See United States v. Morgan*, 936 F.2d 1561, 1570 (10th Cir. 1991) (viewing the evidence in a light favorable to the ruling); *United States v. Ruiz*, 664 F.3d 833, 838 (10th Cir. 2012) (reviewing factual findings under the clear-error standard).[1]

## 2. In applying this standard of review, we conclude that Mr. Juszczyk abandoned the backpack.

Under this standard of review, we conclude that Mr. Juszczyk abandoned his backpack.

---

[1] Our case law provides conflicting signals on the standard of review. *See United States v. Garzon*, 119 F.3d 1446, 1453 (10th Cir. 1997) (Porfilio, J., dissenting). We have sometimes treated abandonment as a factual matter, limiting our review under the clear-error standard. *United States v. Austin*, 66 F.3d 1115, 1118 (10th Cir. 1995); *United States v. Hernandez*, 7 F.3d 944, 947 (10th Cir. 1993); *United States v. Trimble*, 986 F.2d 394, 399 (10th Cir. 1993); *United States v. Jones*, 707 F.2d 1169, 1172 (10th Cir. 1983). Other times, we have treated abandonment as a dual inquiry, triggering clear-error review for a finding on the individual's subjective intent and de novo review on the objective reasonableness of the individual's expectation of privacy. *United States v. Ojeda-Ramos*, 455 F.3d 1178, 1187 (10th Cir. 2006); *United States v. Garzon*, 119 F.3d 1446, 1449 (10th Cir. 1997). Ordinarily, we resolve intra-circuit conflicts by giving precedence to the earlier of two conflicting opinions. *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996). In this appeal, however, we need not resolve this potential intra-circuit conflict because we would affirm even under de novo review.

3

Property is considered abandoned if the owner lacks an objectively reasonable expectation of privacy. *United States v. Garzon*, 119 F.3d 1446, 1449 (10th Cir. 1997). Abandonment contains subjective and objective components. *Id.* Applying these components, a court must find abandonment if Mr. Juszczyk's toss onto the roof reflected his intent to relinquish any right to the backpack or if his expectation of privacy was no longer objectively reasonable. *See id.*

Mr. Juszczyk obviously was trying to conceal the backpack from police. But did he intend to come back to get it? Even if he did, he would have lacked an objectively reasonable expectation of privacy after throwing the backpack onto the roof.

Ms. Giger testified that she had not allowed Mr. Juszczyk to keep anything on the roof. He was allowed to use her backyard to fix his motorcycle; he had no permission to keep his belongings on the roof. Thus, Mr. Juszczyk would need to obtain permission from Ms. Giger to go onto her roof to retrieve the backpack.

Viewing the evidence favorably to the ruling, one could justifiably question why anyone would have expected Ms. Giger to allow Mr. Juszczyk onto the roof. The two were not close. When confronted by the police, Mr. Juszczyk did not even know the homeowner's gender or name. And Mr. Juszczyk had seen the homeowner only about three times in his

4

life. If Mr. Juszczyk would have asked to go onto the roof to retrieve his backpack, the homeowner would presumably have been suspicious.[2] She had just had her house searched after giving Mr. Juszczyk permission to fix his motorcycle in her backyard.

We addressed a similar situation in *United States v. Morgan*, 936 F.2d 1561 (10th Cir. 1991). There the defendant threw a bag onto the porch of a house owned by someone he was accompanying. Nonetheless, we held that there was an abandonment. "The fact that Mr. Morgan was in the backyard of someone he knew or was acquainted with, at the time he threw the bag, is of little significance. The record reveals we do not have before us a case where the item was left to the care or responsibility of another, or where there is a delayed indication of an intent to retain an expectation of privacy in the item." *Morgan*, 936 F.2d at 1570-71.

As Mr. Juszczyk argues in his reply, *Morgan* differs from our case because there the defendant had no one who could retrieve the bag; here Ms. Giger theoretically could have retrieved the backpack for Mr. Juszczyk. But viewing the evidence in the light most favorable to the ruling, Mr. Juszczyk could not reasonably expect Ms. Giger to retrieve the

---

[2]     The district court found that Mr. Juszczyk had "failed to show an ongoing and meaningful connection to [Ms.] Giger's home." R. vol. 2, at 179.

backpack and keep it for him after he had thrown it onto her roof, sparking the arrival of police and a search of her house.

In his reply brief, Mr. Juszczyk argues that Ms. Giger or an acquaintance, who sometimes stayed with Ms. Giger, could have retrieved the backpack. That is true. But viewing the evidence in the light most favorable to the ruling, we conclude that such an expectation would have been unreasonable. The district court could justifiably infer that Ms. Giger would not have allowed Mr. Juszczyk to retrieve his backpack after he had tried to conceal it on her rooftop, leading to a police search of her house, when Mr. Juszczyk was supposed to be fixing his motorcycle in the backyard.[3]

In these circumstances, the district court properly concluded that Mr. Juszczyk had abandoned the backpack. Viewing the evidence in the

---

[3]     In his reply brief, Mr. Juszczyk argues that a neighbor could retrieve the backpack only by committing a trespass:

> The backpack was located on the roof of a private residence. In order to retrieve the backpack, a person would have had to enter the yard with a ladder and climb the ladder to the roof of the home. It is implausible to think that society is prepared to recognize such actions as reasonable. Indeed, to do such a thing would be to commit a trespass, something the law does not allow.

Appellant's Reply Br. at 10-11. Mr. Juszczyk would have been in the same position as a neighbor; both would have had to commit a trespass or to obtain new consent to go onto the roof to retrieve the backpack.

6

light most favorable to the ruling, we conclude that Mr. Juszczyk did not retain an objectively reasonable expectation of privacy once he threw the backpack onto the roof. In these circumstances, the district court correctly denied Mr. Juszczyk's motion to suppress.

Affirmed.